IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

DERRICK LEE JOHNSON,
ADC #110079                                                                                          PLAINTIFF

VS.                              CASE NO. 5:10CV00015BSM/JTK

LARRY NORRIS, et al.                                                                       DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

    2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

    3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I. Introduction

This matter is before the Court on the defendants' motions to dismiss as frivolous and for judgment on the pleadings (Doc. Nos. 18, 32, 38). Plaintiff has filed responses to the motions (Doc. Nos. 25, 48).

Plaintiff is a state inmate incarcerated at the Pine Bluff Unit of the Arkansas Department of Correction (ADC). He filed this action against defendants, alleging violations of his Eighth and Fourteenth Amendment rights as a result of his incarceration in administrative segregation (AS) while at the Varner Unit from April 20, 2009 until his transfer to the Grimes Unit on July 27, 2009. Plaintiff asks for monetary relief from the

defendants.

According to the allegations of plaintiff's complaint (Doc. No. 2), on April 20, 2009, plaintiff was taken to defendant Whaley's office and questioned about an incident involving contraband (marijuana and a cell phone) found in another inmate's possession. The other inmate allegedly told the defendants that the contraband originated from the plaintiff. Plaintiff alleges he was placed in the AS area of the Unit in an isolation cell without a hearing and without notice of a disciplinary violation, in violation of ADC policy and procedures. He then alleges he appeared before the classification committee on April 22, 2009, without prior notice, in denial of his due process rights. Plaintiff again appeared before the classification committee on April 29, 2009, at which time he stated he denied the allegations set forth by the other inmate. Plaintiff wrote defendant Hobbs and appealed to defendant Harris, and received no response. He alleges he has been unfairly kept in isolation without a disciplinary charge and was told by defendant Whaley that he would not be released from AS until he provided information about trafficking and trading in contraband.

Plaintiff also alleges that while incarcerated in the isolation area of AS his scheduled visits with his sisters were cancelled. He states defendants unlawfully and intentionally punished him for his alleged involvement in the contraband incident and denied him due process by retaining him in isolation with only a sixty-day review hearing.

## II.  Motions to Dismiss/Judgment on the Pleadings

A.  Defendants' Motions

In support of their motions, defendants state plaintiff's complaint against them fails to state a claim upon which relief may be granted. Defendants state an allegation that a prison policy or regulation has been violated does not state a constitutional claim, and plaintiff fails to state he sustained any injury or harm as a result of his alleged unconstitutional conditions of confinement. Defendants also state they are immune from liability in their official capacities pursuant to principles of sovereign immunity, and qualified immunity protects them from liability in their individual capacities because plaintiff has no constitutional right to be housed in a specific area of the ADC.

B. Plaintiff's Responses

In response, plaintiff states defendants violated his rights to due process by violating ADC policy and by segregating plaintiff for an extended period of time without filing a disciplinary charge against him. Plaintiff claims he was affected mentally during his incarceration in the punitive area of the prison, by exposure to psychotic prisoners "who scream and holler all night, cut themselves, throw feces, bust sprinkler heads and flood their cells." Doc. No. 25, p. 5. Plaintiff also alleges he lost his contact visitation privileges and was unable to earn a hobby craft card at the Unit. Finally, plaintiff states defendants are not entitled to sovereign or qualified immunity.

C. Standard of Review

Fed.R.Civ.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In Bell Atlantic Corporation v. Twombly, 127 S.Ct.

1955, 1964-5 (2007) (overruling Conley v. Gibson, 355 U.S. 41 (1967), and setting a new standard for failure to state a claim upon which relief may be granted), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level," citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004).   A complaint must contain enough facts to state a claim to relief that is plausible on its face.  Twombly, supra, 127 S.Ct. at 1960.  See also Robbins v. Oklahoma, 2008 WL 747132 (10th Cir. March 21, 2008).

The applicable standard of review on a motion for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c) is the same as that on a motion to dismiss under Fed.R.Civ.P. 12(b)(6). See Shaw v. Rolex Watch U.S.A., Inc., 745 F.Supp. 982, 984 (S.D.N.Y.1990), citing 5A C. Wright & A. Miller, Federal Practice and Procedure § 1367, at p. 518-19 (2d ed. 1990). That is, "the court should not dismiss the complaint pursuant to Rule 12(b)(6) unless it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief' " Goldman v. Belden, 754 F.2d 1059, 1065 (2d Cir.1985), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  In addition, such a motion is addressed solely to the face of a pleading, and "[t]he court's function ... is not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient,"  Goldman, supra, 754 F.2d at 1067. In assessing the sufficiency of a pleading on a motion to dismiss, it is well settled that the court must, of course, accept the allegations of

the complaint as true, and draw all reasonable inferences favorably to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

D. Analysis

According to the attachments submitted by plaintiff with his complaint, he was incarcerated in the AS area of the Varner Unit from April 20, 2009 until July 27, 2009. At that time he was transferred to the Grimes Unit, where he was released into General Population (GP) on August 31, 2009. Therefore, plaintiff spent a little more than four months in AS or punitive isolation.

In Sandin v. Connor, 515 U.S. 472, 483-4 (1995), the Court held that inmates do not possess a due process liberty interest in freedom from administrative or punitive segregation. Recognizing, however, that states may themselves create certain protected liberty interests, the Court noted that those would be "limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause...imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Following Sandin, the Eighth Circuit Court of Appeals held in Kennedy v. Blankenship, 100 F.3d 640, 642 (1996), that the plaintiff's demotion from administrative segregation to punitive isolation was "not the sort of deprivation that qualifies as 'atypical and significant,'" even though the inmate was subject to restrictions in mail, telephone, visitations, commissary, and personal possessions.

In Freitas v. Ault, 109 F.3d 1335 (8th Cir. 1997), the court held that a thirty-day stay in administrative segregation, without a disciplinary charge or hearing, did not violate due

process. While acknowledging that some conditions in confinement changed upon plaintiff's transfer to the AS area, the court held his conditions did not impose an atypical or significant hardship compared to the burdens of ordinary prison life. In addition, in Griffin v. Vaughn, 112 F.3d 703, 709 (3d Cir. 1997), the court held that an inmate placed in AS for fifteen months was not denied due process, even though he was not charged with a disciplinary violation. The court recognized that the plaintiff also did not present any "evidence that he was denied basic human needs, such as food, clothing, shelter, sanitation, medical care and personal safety." Finally, in Portley-El v. Brill, 288 F.3d 1063, 1065 (8th Cir. 2002), the court stated that administrative and disciplinary segregation are not atypical and significant hardships within the meaning set forth in Sandin, supra.

    In this particular case, plaintiff alleges he was placed in an isolation cell in AS for four months without being charged with a disciplinary violation. While plaintiff states he was denied contact visitation, and suffered mentally by his exposure to other inmates in that area, he does not allege that he was denied basic human needs while incarcerated in AS. Therefore, pursuant to the case law set forth above, the Court finds plaintiff's incarceration in AS was not an atypical or significant deprivation so as to state a claim for a due process violation. Furthermore, plaintiff's allegation that defendants failed to follow administrative policies and procedures fails to state a claim for relief. See Williams v. Nix, 1 F.3d 712, 717 (8th Cir. 1992). Accordingly,

    IT IS, THEREFORE, ORDERED that defendants' motions to dismiss and for judgment on the pleadings (Doc. Nos. 18, 32, 38) are hereby GRANTED, and plaintiff's

Case 5:10-cv-00015-JTK   Document 49   Filed 05/05/10   Page 8 of 8

complaint against defendants is dismissed.

IT IS SO ORDERED this 5th day of May, 2010.

_____
UNITED STATES MAGISTRATE JUDGE